### STOUT & HAGLER v. S. WILLIAMS.

Decided November 17, 1909.

#### 1.—Contract—Personal Trust—Assignment.

A contract involving the entrusting by one of the management of business transactions to the personal attention of another is not capable of assignment by the latter to a third person unless the former consent to such substitution.

#### 2.—Same—Case Stated.

M., owning a tract of land on which the site of a new town was located, contracted for a sale thereof to S. & H., who undertook to give their active attention to selling off same to purchasers. The deed to S. & H. was to be placed in escrow, deliverable on the payment of the purchase price by them out of the proceeds of such sales, and M. had the right to forfeit the contract if they abandoned the prosecution of such sales for ninety days. S. & H. contracted to transfer their contract with M. and rights thereunder to W., and they sued him for damages from his failure to comply with his part of the agreement for such transfer. Held, that the contract was not assignable without consent of M., and plaintiffs must show such consent by M. to entitle them to recover against W; that the failure to show consent of M. to such substitution, he having refused to substitute W. to the contract except upon terms different from those made with S. & H., and which W. refused to accept, was fatal to plaintiff's right to recover, and an instruction to find for defendant was warranted.

Appeal from the District Court of Tarrant County. Tried below before Hon. Irby Dunklin.

*R. E. Carswell* and *S. G. Tankersly,* for appellants.—The contract of assignment sued upon was not unilateral, but mutually binding, and imposed upon appellee the obligation to receive the property assigned and pay the purchase price. 9 Cyc., 333; Block v. Woodrow & Richardson, 39 Md., 214; Logging Co. v. Robison, 69 Fed., 773; Butler v. Thompson, 92 U. S., 412; Transfer Co. v. Manufacturing Co., 1 App. Div. (N. Y.), 507; Fuller v. Schrenk, 58 App. Div. (N. Y.), 222; Miller v. Weld Co., 67 Pac., 347; Bangor Furniture Co. v. Magill, 108 Ill., 656; Jones v. Binford, 74 Me., 439; Minneapolis Mill Co. v. Goodnow, 40 Minn., 497, 4 L. R. A., 202; Lewis v. Insurance Co., 61 Mo., 534; McCartney v. Glassford, 20 Pac., 423; Ferguson v. Getzendanner, 98 Texas, 310.

As the evidence in this case conclusively shows appellee's liability for the $4,000 agreed to be paid, and there was no defense pleaded or proven, the trial court should have directed a verdict for appellants. Merrett v. Railway Co., 84 N. W., 321; Glennon v. Railway Co., 73 N. E., 1124; Meehan v. Railway Co., 101 N. W., 183; Richmire v. Ele-

vator Co., 92 N. W., 819; Castey v. Jamison, 77 Pac., 800; Grand Fraternity v. Melton, 102 Texas, 399.

*Stephens & Miller,* for appellee.—The contract sued on is unilateral, because there is in it no obligation on the part of appellee to accept the conveyance from appellants and to pay the consideration named in the writing sued on. A person can not be compelled to pay money unless he has promised and has failed to do so. Cooley v. Moss, 51 S. E., 625; Dennis v. Slyfield, 117 Fed., 477; Harrison v. Wilson Lumber Co., 45 S. E., 730; Morrow v. Southern Express Co., 28 S. E., 998; White v. Hanford, 83 Pac., 698; Dorsey v. Packwood, 12 How., 134; Oil Co. v. Kirk, 68 Fed., 794; Railway Co. v. Mitchell, 38 Texas, 85; Wilkinson v. Heavenrich, 55 Am. Rep., 108, 58 Mich., 574; Berwind v. Williams, 33 Atl., 353; Gira v. Harris, 86 N. W., 624; Noble v. Mann (Ky.), 105 S. W., 152; Farmington Village Corporation v. Farmington Water Co., 44 Atl., 609; Smith v. Bateman, 53 Pac., 457; Robinson Consol. Min. Co. v. Johnson, 22 Pac., 459; Clark v. Wilson, 41 Texas Civ. App., 450; Zorkowski v. Astor, 50 N. E., 983; Culver v. Sisson, 3 N. Y., 264; Smith v. Stewart, 6 Blackf., 162; Salisbury v. Phillips, 10 Johnson, 57; Campbell v. Lambert, 36 La. Ann., 35; Mississippi Riv. Log Co. v. Robison, 69 Fed., 777; American Agricultural, etc., Co. v. Kennedy & Crawford, 48 S. E., 868; Hirschorn v. Nelden-Judson Drug Co., 72 Pac., 386; Calvary Baptist Church v. Dark, 47 S. W., 66; Benjamin v. Bruce, 39 Atl., 810; Woolsey v. Ryan, 54 Pac., 664; Vogal v. Pekoc, 42 N. E., 386.

KEY, ASSOCIATE JUSTICE.—Appellants brought this suit seeking to recover from appellee $4,000, which they claimed by virtue of the following contract:

"Ft. Worth, Texas, 10/29/'07.

"This contract made and entered into between S. Williams, party of the first part, and J. P. Hagler and C. L. Stout, parties of the second part. It is further agreed that the parties of the second part will deliver to the party of the first part their contract covering the townsite of Hazel, Texas, and all lands included in their contract with J. T. McCullough & I. E. Stout for the consideration of $4,000, besides the purchase price of lands which is to be $50,000.

"The parties of the second part are to furnish the party of the first part all literature now in use by them, also to turn over all applications now in their hands, also to furnish party of the first part all cuts used in their literature for printing new literature.

"Party of the second part also agrees to furnish party of the first part a list of names of all agents now employed by party of the second part. The party of the first part deposits with the party of the second part $1 covering this contract for the privilege of having his attorney examine contract between party of the second part and McCullough & Stout.

"C. A. Burford,                              "S. Williams,
      "Witness.                              "C. L. Stout,
                                             "J. P. Hagler."

After hearing all the testimony the trial court instructed a verdict for the defendant, and the propriety of giving that instruction is the only question involved in the appeal. The plaintiffs alleged in their petition that on August 28, 1907, one J. T. McCullough owned a body of land in Hardeman County, Texas, comprising about 1,700 acres, and upon which a townsite called Hazel was located, and that one I. E. Stout owned some interest or claim in the land, the exact character of which it was not material to state; that on the day referred to the plaintiffs entered into a written contract with J. T. McCullough and I. E. Stout for the purchase of all of said land, except certain lots and tracts theretofore sold; that the plaintiffs were to pay $50,000 as a consideration for the purchase of the land, and that a deed was to be signed and placed in the possession of the Quanah National Bank, at Quanah, Texas, to be held in escrow and delivered to the plaintiffs when they had paid for the land in accordance with the terms of the contract. A copy of that contract was attached to and made a part of the petition. The contract shows that it was contemplated by the parties that the land would be paid for by the proceeds of the sale of lots in the Hazel townsite, and of various subdivisions of the remainder of the land, and it contained this stipulation: "And it is further agreed and understood that the parties of the second part shall give active and energetic attention to the sale of said town of Hazel, as well as to the acreage herein mentioned, and the parties of the first part hereby agree to co-operate with said parties of the second part, and encourage and facilitate the sale of said lands so far as they can without inconvenience to themselves. Should the party of the second part abandon the prosecution of the sale of the property herein at any time during the term of this contract for a period of ninety days, then this contract shall, at the option of the party of the first part, become void."

Thus it will be seen that the contract between the plaintiffs and McCullough and Stout called for and required the plaintiffs to give their personal attention to the sale of the property; and therefore they could not, without the consent of McCullough and I. E. Stout, by sale or otherwise, substitute the defendant, or any one else, to take their place in that contract. In view of that fact, and other terms of their contract with McCullough and Stout, it is manifest that the stipulation in the contract between the plaintiffs and the defendant Williams, stating that the plaintiffs were to deliver to the defendant their contract covering the townsite of Hazel, and all lands included in their contract with J. T. McCullough and I. E. Stout, should not be so construed as to hold that mere delivery to the defendant of the written instrument evidencing the contract between the plaintiffs and McCullough and I. E. Stout, would constitute such performance by the plaintiffs as to entitle them to recover the $4,000 from the defendant. In fact, the plaintiffs themselves have not so construed the contract referred to, but have correctly construed it as requiring them, as a prerequisite to a legal demand for the $4,000, to show that they procured the consent of J. T. McCullough and I. E. Stout to the defendant Williams' being substituted for the plaintiffs in the original contract; and they alleged in their petition that they procured "said McCullough and I. E. Stout to consent and agree and they did consent and agree

with defendant to said sale and assignment, and to accept defendant as a party to said contract instead and in lieu of these plaintiffs and as a substitute for them. That notwithstanding plaintiffs were ready and willing and able and offered to turn over to defendant said land, and their said contract, and all rights thereinunder as specified in their said contract with defendant, and to substitute him completely in their stead, defendant failed and refused to accept the same and pay plaintiff the said sum of $4,000 or any part thereof, as he bound himself to do· in his said contract, and still refuses to do so; that plaintiffs have kept said contract with McCullough and Stout in full force and effect, and· the same is now in full force and effect. and entirely valid, and plaintiffs are able, ready and willing, and have at all times since the execution of their said contract with defendant been able, ready and willing to turn over and deliver to defendant said land and said contract, with all their rights and privileges secured by the same in full force and effect, to fully. substitute defendant for and instead of themselves in the same and fully invest him with all the rights held by them under and by virtue of the same."

At the trial the defendants not only failed to tender a contract signed by J. T. McCullough and I. E. Stout, substituting the defendant Williams for the plaintiffs, similar in terms to the contract between the plaintiffs and McCullough and I. E. Stout, and failed to produce any written instrument signed by McCullough and I. E. Stout consenting for the defendant to be substituted for the plaintiffs, but failed to show that McCullough and I. E. Stout had even verbally consented to accept the defendant in lieu of the plaintiffs, upon the same terms contained in the original contract. The plaintiffs submitted proof to the effect that another written instrument was prepared purporting to be a contract between J. T. McCullough and the defendant Williams, and similar in many respects to the plaintiffs' contract with McCullough and I. E. Stout. However, in some material respects it was not similar, and was more onerous on Williams than the original contract is upon the plaintiffs. For instance, it reserved from the land contracted to be sold not only the lands reserved in the original contract, but the right of way of a public road and of a railroad. Again, it stipulated for an advance payment of $500 by Williams, which was not required of the plaintiffs by the original contract, and reserved certain rentals and pasture rights ·to McCullough which were not reserved in the original contract. Furthermore, it did not make I. E. Stout a party to the contract or mention his name. It was shown that McCullough and I. E. Stout were willing to sign that instrument, and that the defendant was not, and refused to accept it. That contract would not have substituted the defendant to the original contract between the plaintiffs and McCullough and I. E. Stout; and as the proof fails to show that McCullough and I. E. Stout were willing to accept the defendant as a substitute for the plaintiffs on any other terms than those contained in that unsigned instrument, it fails to show that the plaintiffs procured the consent of McCullough and I. E. Stout for the defendant to take their place and be substituted for them· in and according to the terms of the original contract. The burden rested upon the plaintiffs to make such proof, and, failing to meet that bur-

den, they were not entitled to recover, and the court properly instructed a verdict for the defendant.

These views render it unnecessary for us to determine whether or not the contract sued on was unilateral, giving to the defendant Williams an option without laying upon him any obligation, as contended by his counsel.

No error has been shown and the judgment is affirmed.

*Affirmed.*

Writ of error refused.